948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
CHAPEL CHASE JOINT VENTURE, INCORPORATED; Fairview Federal
Savings & Loan; Frederick Bassler; Virginia
Bassler; Joseph A. Defrancis; Alec
Courtelis, Defendants-Appellants.
 No. 91-1028.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Nov. 19, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-90-1926-JFM)
 Argued: Richard Mark Tarby, Eisenhower & Tarby, P.C., Fairfax, Va., for appellants; Kenneth W. Rosenberg, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Dennis D. Kirk, Slocum, Boddie, Murry & Kirk, Falls Church, Va., for appellants; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Gilbert S. Rothenberg, Janet K. Jones, Tax Division, United States Department of Justice, Washington, D.C., Breckinridge L. Willcox, United States Attorney, Baltimore, Md., for appellee.
 D.Md., 753 F.Supp. 179.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case involves the question of whether a farm should have been included in a gross estate for federal estate tax purposes or whether the farm was excludable as partnership property. The district court decided on summary judgment that the Walnut Grove Farm, located in Howard County, Maryland, was the property of Lorraine Hebb at her death and not the property of a limited partnership created prior to her death. Thus, the court held, the farm was part of Hebb's gross estate and was subject to a federal tax lien. Appellants, current owners of the farm property, advance two principal contentions in challenging the district court's judgment. First, appellants argue that the district court erred in ruling that there was no genuine issue as to whether the farm was owned by the limited partnership. Second, appellants contend that the district court erred in its valuation of the farm.
 
 
 2
 We have reviewed the briefs of counsel and heard oral argument, and we conclude that appellants' contentions are without merit. For numerous reasons the district court found that the alleged partnership was a sham. The partnership was apparently designed to conceal the farm from probate and to avoid payment of an estate tax. The district court also assessed the value of the farm at $1 million. We agree with these conclusions for the reasons set forth in the district court's opinion.
 
 The judgment of the district court is
 
 3
 AFFIRMED.